UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOE ROGALSKI ET AL                    CIVIL ACTION

VERSUS                                NO:10-831

EDUCATION MANAGEMENT INC.             SECTION: "J" (2)

**ORDER AND REASONS**

Before the Court is Plaintiffs' **Motion to Remand to State Court** (Rec. D. 9). Upon review of the record, the memoranda of parties, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiffs' **Motion to Remand to State Court** (Rec. D. 9) is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND:**

This case arises out of the termination of Plaintiffs from employment at Education Management Inc. doing business as the Blue Cliff College. Plaintiffs allege that they were the victims of racial discrimination. Defendant denies these allegations. On March 9, 2010 this case was removed from state court by Defendant. Plaintiffs now seek to remand the case to state court.

**PARTIES ARGUMENTS:**

Plaintiffs argue that Defendant's removal of this case was not appropriate since Plaintiffs base their causes of action on state law only. La. R. S. 23: 302 et seq. Plaintiffs argue that the only source of federal jurisdiction asserted by Defendant is

that Plaintiffs seek punitive damages which are not available pursuant to state law. This, argue Plaintiffs, is not enough to confer federal jurisdiction.

Defendant counters that removal was appropriate. Relying on <u>Medina v. Ramsey Steel Co., Inc.</u> 238 F.3d 674, 680 (5th Cir. 2001), Defendant argues that removal is appropriate where Plaintiffs seek damages not available to them pursuant to state law but are available pursuant to federal law.

**DISCUSSION:**

After the removal of a matter to federal court, a plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. <u>De Aguilar v. Boeing Co.</u>, 47 F.3d 1404, 1408 (5th Cir.1995); <u>Webb ex rel. Groth v. City of Leland, Mississippi</u>, 2004 WL 3092767, 1 (N.D. Miss. 2004). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." <u>Eastus v. Blue Bell Creameries, L.P.</u>, 97 F.3d 100, 106 (5th Cir.1996); see <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-109(1941).

Whether a claim arises under federal law so as to confer federal question jurisdiction under 28 U.S.C. § 1331 is governed by the well-pleaded complaint rule, which provides that "federal

jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The plaintiff is "the master of her complaint," and, as such, "[a] determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." Medina v. Ramsey Steel Co., Inc. 238 F.3d 674, 680 (5th Cir. 2001)(citing Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 366 (5th Cir. 1995)). When a plaintiff has a choice between federal and state law claims, she may proceed in state court "on the exclusive basis of state law, thus defeating the Defendant's opportunity to remove." Id. Thus, to support removal, the Defendant must show that a federal right is an essential element of the plaintiff's cause of action. Id.

In the present case, Defendant mistakenly relies on the holding in Medina which states that where Plaintiffs assert only a state claim but also seeks damages arising from federal law, a remand is not appropriate.

In at least two subsequent decisions, the Fifth Circuit has greatly limited the holding in Medina. In In Re Hot-Hed Inc., the Court found that where the relief is "collateral relief" like attorney's fees, and where the relief sought is not accompanied by a citation to a federal statute a remand is appropriate. 477 F.3d 320, 325 (5th Cir. Tex. 2007). See also Bernhard v. Whitney

Nat'l Bank, 523 F.3d 546, 552 (5th Cir. La. 2008) ("boiler plate" requests for attorney's fees are not sufficient to confer federal jurisdiction). In both cases, the courts focused on two main facts (1) the requested relief was "boiler plate" and (2) the request for relief was not accompanied by a citation to a specific federal statute like that in Medina.

In the present case, Plaintiffs make no reference to any federal law in their complaint. Furthermore, the language used to seek relief is standard language which lists various types of relief which are potentially available to Plaintiffs. There is no indication that the request for punitive relief was meant to do anything but preserve Plaintiffs' claims. The Court can find no reason to believe that Plaintiffs intended to plead anything but state law causes of action.

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Remand to State Court** (Rec. D. 9) is **GRANTED**. This matter is hereby remanded to the 32nd JDC in Terrebonne Parish.

New Orleans, Louisiana, this the 7th day of May 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE